UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

CHRISTOPHER FRANKS,

    Plaintiff,

v.

TURNER ACE HARDWARE
ARLINGTON, INC., and FLOWER
SHOP NETWORK, INC.

    Defendants.

_____/

## CONSENT DECREE

1.    This Consent Decree is entered into as of the Effective Date, as defined below in Paragraph 10, by and between the following parties: Plaintiff, CHRISTOPHER FRANKS ("Plaintiff"), and Defendants, TURNER ACE HARDWARE ARLINGTON, INC. ("Turner") and FLOWER SHOP NETWORK, INC. ("FSN") (Turner and FSN are referred to as "Defendants"). Plaintiff and Defendants shall hereinafter be collectively referred to as, the "Parties" for the purposes and on the terms specified herein.

## RECITALS

2.    Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181-12189 ("ADA") and its implementing regulation, 28 C.F.R. pt. 36, prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations by any private entity that owns, leases (or leases to), or operates any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

CASE NO.: _____

3.      Plaintiff filed this lawsuit in the United States District Court for the Sothern District of Florida (the "Action").   Plaintiff alleged that Defendant's full and/or mobile website: www.turneraceflorist.net (the "Website"), (and, relatedly, the Platform and the related Covered Websites) is not fully accessible to individuals with disabilities, purportedly in violation of Title III of the Americans with Disabilities Act of 1990 ("ADA") and related state laws.

4.      Defendants expressly deny that the Website, Platform or its related Covered Websites violates any federal, state or local law, including the ADA, and any other wrongdoing or liability whatsoever, although they acknowledge that updates can be made to the Website and Platform to increase ease of use for disabled patrons and/or visitors.  By entry into this Consent Decree, Defendants do not admit any violation of the ADA or any other federal, state or municipal law.

5.      This Consent Decree resolves, settles, and compromises all issues between the Parties in the Action.

## JURISDICTION

6.      Plaintiff alleges that Defendants are private entities that own and/or operate the Website which is available through the internet to personal computers, laptops, mobile devices, tablets, and other similar technology.  Plaintiff contends that the Website is a service, privilege, or advantage of the Turner's physical locations, thus rendering it a public accommodation subject to Title III of the ADA. 42 U.S.C. §12181(7); 12182(a).  Defendants deny that the Website is a public accommodation or a place of public accommodation, or is otherwise subject to Title III of the ADA.

CASE NO.: _____

7.      This Court has jurisdiction over this action under 28 U.S.C. § 1331, and 42 U.S.C. § 12188.  The Parties agree that for purposes of the Action and this Consent Decree venue is appropriate.

## AGREED RESOLUTION

8.      Plaintiff and Defendants agree that it is in the Parties' best interest to resolve the Action on mutually agreeable terms without further litigation.  Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in Plaintiff's Complaint.  In resolution of this action, the Parties hereby AGREE to the following:

## DEFINITIONS

9.      Turner owns and/or operates the Website. The Website is based on a website platform and template(s) (the "Platform") owned, created, and/or operated by FSN, which provides websites and online platforms for florists and/or members of the Flower Shop Network to make sales and otherwise market their stores or products. Websites created using the Platform, shall be referred to as "Covered Websites." A person or entity which uses the Platform for their online sales, marketing and/or website, shall be referred to as a Platform User.

10.     Effective Date means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

11.     Reasonable Efforts means, with respect to a given goal or obligation, the efforts that a reasonable person or entity in Turner, FSN or a Platform User's position would use to achieve that goal or obligation.  Any disagreement by the Parties as to whether

3

CASE NO.: _____

a party has used Reasonable Efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures set forth in Paragraphs 19 through 25 of this Consent Decree. Reasonable Efforts shall be interpreted so as to not require FSN, Turner, or a specific Platform User to undertake efforts (a) whose cost, difficulty or impact on Defendant's Website, the Platform, or a specific Covered Website at issue could constitute an undue burden, as defined in Title III of the ADA, but as applied solely to Defendant's Website and any specific Covered Website at issue - as though such website-related operations represent a standalone business entity of Defendants or the specific Platform User, or (b) which could result in a fundamental alteration in the manner in which the Website, Platform, or any specific Covered Website operates - or impedes the primary functions related thereto, or (c) which could result in a loss of revenue or traffic on or through the Website, a Covered Website, the Platform, and their online-related operations.

      12.     The term "including" shall mean "including but not limited to."

      13.     The term "Defendants" shall include Turner Ace Hardware Arlington, Inc. and Flower Shop Network, Inc.,

      14.     The term "Website" shall include both the full and mobile versions of the site located at www.turneraceflorist.net, and the term "Covered Website" shall include both the full and mobile versions of a specific Covered Website at issue.

## TERM

      15.     The term of this Consent Decree shall commence as of the Effective Date and remain in effect for the earlier of: (1) thirty six (36) months from the Effective Date; or (b) the date, if any, that regulations are adopted by the Department of Justice regarding accessibility of websites under Title III of the ADA which regulations or guidance

4

CASE NO.: _____

contains different requirements for website accessibility than those imposed under this Consent Decree.

## GENERAL NONDISCRIMINATION REQUIREMENTS

16.    Pursuant to the terms of this Consent Decree, Defendants:

    a.  shall use Reasonable Efforts within its control to provide persons with a disability (as defined under the ADA), including the Plaintiff, an equal opportunity to participate in or benefit from the goods, services, privileges, advantages, and accommodations provided through the Website (and, as relates to FSN, or any Covered Website) according to the terms set forth herein; and

    b.  shall use Reasonable Efforts within its control to ensure that persons with a disability (as defined under the ADA), including the Plaintiff, are not excluded, denied services, segregated, or otherwise treated differently because of the absence of auxiliary aids and services, through the Website (or, as relates to FSN, any Covered Website) as set forth herein.

## WEBSITE ACCESSIBILITY EFFORTS

17.    Web Accessibility Conformance Timeline: Defendants shall provide equal enjoyment of the goods, services, privileges, advantages, and accommodations provided by and through the Website (and, as relates to FSN, any Covered Website within its control) according to the following timeline and requirements, provided that the following dates will be extended in the instance that the Department of Justice releases regulations for websites under Title III of the ADA while this Consent Decree is in effect and provided such

CASE NO.:

DOJ regulations or guidance contains compliance dates and/or deadlines further in the future than the dates set forth herein:

      a.  Within six (6) months from the Effective Date, FSN shall include an Accessibility Notice on the Website and, within twelve (12) months make available an Accessibility Notice for Platform Users to place on a Covered Website, providing a method for disabled patrons to contact FSN or the specific Platform User at issue regarding accessibility questions related to the Website or a specific Covered Website or to take advantage of the goods and/or services provided on the Website or a specific Covered Website.

      b.  Within thirty (36) months of the Effective Date, FSN shall use all Reasonable Efforts to ensure that the Website, the Platform, and the Covered Websites substantially conform to the Web Content Accessibility Guidelines 2.1, using the Level AA Success Criteria ("WCAG 2.1 AA"), or to any other standard subsequently advanced to W3C Recommendation or established by law or regulation, in such a manner so that the Website or any specific Covered Websites will be accessible to persons with disabilities as set forth herein. Once the Website, Platform, and specific Covered Websites are brought up to this standard, FSN shall also use Reasonable Efforts to maintain the Website, Platform, and the Covered Websites at issue according to the standard set forth in this Paragraph both during and subsequent to the thirty six (36) month period set forth

CASE NO.: _____

in this Paragraph. The requirements set forth in this Paragraph shall not apply if the DOJ or the Supreme Court determine, at any point, that the standard set forth in this Paragraph is not required by the ADA and/or determine that a lesser standard applies. In such a case, the lesser standard shall apply and not the standard set forth in this Paragraph.

c. Defendants, and, as applicable for Covered Websites, Platform Users, shall not be responsible for ensuring that third party content or plug-ins, or other aspects of a website that are not owned or controlled by Defendants or specific Platform Users who own or control a Covered Website at issue, but are otherwise located on or linked to/from the Website, or any Covered Websites, are accessible or otherwise substantially conform to WCAG 2.1 AA or any other standard subsequently advanced to W3C Recommendation or established by law or regulation.

d. In the event a specific Platform User, or Turner, no longer uses the Platform such that FSN no longer has access to the Website or a specific website which was a Covered Website, FSN's obligations under this Consent Decree to improve the Website or the specific Covered Website at issue to which FSN no longer has access, shall cease, and Turner's obligations under this Consent Decree shall also cease.

CASE NO.: _____

## SPECIFIC RELIEF TO PLAINTIFF

18.     Specific Relief: The Plaintiff and the Defendants have agreed to settle all matters relating to costs, damages, attorneys' fees, experts' fees, other financial matters, relating to any alleged inaccessibility of the Website through a separate agreement (the "Settlement Agreement") which shall not be part of this Consent Decree.

## PROCEDURES IN THE EVENT OF DISPUTES

19.     The procedures set forth in Paragraphs 20 through 22 must be exhausted in the event that (i) Plaintiff alleges that any Defendant has failed to meet its obligations pursuant to this Consent Decree; (ii) Plaintiff alleges that Defendants (or any of them) have failed to meet their obligations under the ADA and related law as to any element of the Website, Platform, Covered Websites or the online or electronic operations of any Platform User not already covered by Paragraph 17 above; or (iii) either Defendant or, as applicable, a Platform User, alleges that there is a criteria of WCAG 2.1 AA or to any other standard subsequently advanced to W3C Recommendation or established by law or regulation with which it cannot substantially comply as set forth herein. There will be no breach of this Consent Decree by Defendants in connection with such allegations until the following procedures have been exhausted.

20.     If a party believes that the other party hereto has not complied in all material respects with any provision hereunder, that party shall provide the other party with written notice of non-compliance containing the following information: (i) the specific alleged act of non-compliance; (ii) a reference to the specific provision(s) of the Consent Decree or ADA that is not being complied with in all material respects; (iii) a statement of

CASE NO.: _____

the specific remedial action sought by the initiating party; and (iv) a reasonably detailed statement of the specific facts, circumstances and legal argument supporting the position of the initiating party. The complaining party will notify the other party in writing after the dates for compliance set forth herein if the complaining party believes that the Website, Platform, or, as applicable, a Covered Website is in any way not compliant with this Consent Decree or the ADA, and the complaining party also must provide the other party with a specific listing of items on the Website, Platform, or, if applicable, Covered Website (including links, pictures, sub-pages, etc.) which the complaining party asserts must be corrected or remediated. The responding party will notify the complaining party in writing if it believes there is a criteria of this Consent Decree or the ADA with which it cannot substantially comply hereunder. All notifications must include reasonable detail and shall be made in the manner set forth in Paragraph 25.

21.    Within twenty (20) days of either Party receiving notice as described in Paragraph 20, the other Party will respond in writing to the notice. Within fifteen (15) days of receipt of the response, the Parties will meet by telephone, or in person, in an attempt to informally resolve the issue.

22.    If the issue remains unresolved after the meeting referenced in Paragraph 21, the Parties will each have an additional twenty (20) days to select an expert and the two experts will mutually select an independent accessibility consultant with substantial experience in accessible website design who will evaluate the particular item(s) raised based on whether a person, who has a disability and uses screen reader software and has average screen reader competency ("person with a visual impairment who has average

9

CASE NO.: _____

screen reader competency"), can adequately utilize the Website, Platform, or Covered Website, as applicable.

23.     There will be no breach of this Consent Decree unless (a) the independent accessibility consultant determines that a particular item(s) cannot be accomplished by a person with a disability who has average screen reader competency using a prominent commercially available screen reader such as Jaws, Voiceover, or NVDA in combination with one of the following browsers (in versions of which that are currently supported by their publishers): Internet Explorer, Firefox, Safari and Chrome; and (b) the party or person alleged to be in breach fails to remedy the issue using Reasonable Efforts within a reasonable period of time of not less than sixty (60) days of receiving the accessibility consultant's opinion. If the accessibility consultant believes that a reasonable time using Reasonable Efforts to remedy the items found not to be usable is longer than sixty (60) days, then the Parties may agree on a longer time period without leave of Court so long as the extension is documented in writing, signed by the accessibility consultant, and executed by the Parties to this Agreement or their respective counsel. If the accessibility consultant finds that a particular item found not to be usable cannot be remedied using Reasonable Efforts, the party or person alleged to be in breach shall not be obligated to remedy that item.

24.     Any of the time periods set forth in Paragraphs 20 through 23 may be reasonably extended by mutual agreement of the Parties, for good cause, for a period of up to 30 days.

CASE NO.: _____

25.     Any notice or communication required or permitted to be given to the

Parties hereunder shall be given in writing by e-mail and by overnight express mail or United

States first class mail, addressed as follows:

For Plaintiff:                          Morgan Jaye McGrath, Esq.
                                        The Law Offices of Berman & Berman, P.A.
                                        P.O. Box 272789
                                        Boca Raton, FL 33427
                                        Phone: (561) 826-5200
                                        Fax: (561) 826-5201
                                        Email: mmcgrath@thebermanlawgroup.com

For Defendants:                         Mendy Halberstam, Esq.
                                        Jackson Lewis P.C.
                                        Two South Biscayne Boulevard, Suite 3500
                                        Miami, FL 33131
                                        Phone: 305-577-7600
                                        Fax: 305-373-4466
                                        Email: mendy.halberstam@jacksonlewis.com

## MODIFICATION

26.     No modification of this Consent Decree shall be effective unless in

writing and signed by authorized representatives of all Parties.

## ENFORCEMENT AND OTHER PROVISIONS

27.     The interpretation and enforcement of this Consent Decree shall be

governed by the laws of the State of Florida and the ADA.

28.     This Consent Decree contains the entire agreement of the Plaintiff and

the Defendants concerning the subject matter described in Paragraph 3, other than the terms

of the Settlement Agreement, and no other statement, promise, or agreement, either written

or oral, made by any party or agent of any party, that is not contained in this Consent Decree,

and concerns the subject matter described in Paragraph 3, shall be enforceable, other than the

Settlement Agreement.

CASE NO.: _____

29.     If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

## PERSONS BOUND AND INTENDED THIRD-PARTY BENEFICIARIES

30.     The Parties to this Consent Decree expressly intend and agree that this Consent Decree shall inure to the benefit of all persons with a disability as defined by the ADA, including those who utilize a screen reader or other auxiliary aide or service to access the Website, Platform, or Covered Websites, which disabled persons shall constitute third-party beneficiaries to this Consent Decree.  Such third-party beneficiaries shall follow the dispute resolution provisions herein should they seek to enforce any provision of this Consent Decree.

31.     The Parties to this Consent Decree expressly intend and agree that this Consent Decree shall inure to the benefit of Defendants and their parent entities, subsidiaries, divisions, franchisors, affiliates, tenants, landlords, managers, affiliate entities, franchisees, FSN Members or customers,  Platform Users, any co-owners, co-operators and/or partners of the Website, any Covered Website, and/or the Platform, and these parties' predecessors, successors and assigns.

32.     The Parties agree that, as of the date of entry of this Consent Decree, litigation is not "reasonably foreseeable" concerning the matters described in Paragraph 3.

12

CASE NO.: _____

To the extent that any of the parties previously implemented a litigation hold to preserve documents, electronically stored information, or things related to the matters described in Paragraph 3, the party is no longer required to maintain such a litigation hold. Nothing in this paragraph relieves any party of any other obligations imposed by this Consent Decree.

33.     The signatories represent that they have the authority to bind the respective parties, Plaintiff and Defendants to this Consent Decree.

### CONSENT DECREE HAS BEEN READ

34.     Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

**SIGNATURES ARE ON THE FOLLOWING PAGE**

CASE NO.: _____

Dated: __3/15/20__

Christopher Franks

By: _____
    Christopher Franks

TURNER ACE HARDWARE
ARLINGTON, INC.

Dated: __4-8-20__

By: _____

Its: __President__

FLOWER SHOP NETWORK, INC.

Dated: __4/6/20__

By: _____

Brock Atwill

Its: __President__

APPROVED AS TO FORM AND CONTENT:

The Law Offices of Berman & Berman, P.A.

Dated: __3/26/20__

By _____
Morgan Jaye McGrath, Esq.
P.O. Box 272789
Boca Raton, FL 33427
*mmcgrath@thebermanlawgroup.com*

*Attorneys for Plaintiff*

14

CASE NO.: _____

JACKSON LEWIS, P.C.

Dated:  4/14/2020 _____

By: __s/Mendy Halberstam_____
Mendy Halberstam, Esq.
One Biscayne Tower, Suite 3500
Two South Biscayne Boulevard
Miami, FL  33131
*mendy.halberstam@jacksonlewis.com*

*Attorneys for Defendants*